**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 1, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GABRIEL JUAREZ-MORALES,

Defendant-Appellant.

No. 07-2029

(D. New Mexico)

(D.C. No. 06-CR-01645-MCA)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Gabriel Juarez-Morales pleaded guilty to one count of unlawful re-entry of a deported alien previously convicted of an aggravated felony, a violation of 8 U.S.C. § 1326(a)(1), (a)(2), and (b)(2). The district court calculated Mr. Juarez-Morales' sentencing range at forty-six to fifty-seven months but granted his

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See FED. R. APP. P. 34(f) and 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

motion for a downward variance and imposed a sentence of thirty-two months' incarceration.

On appeal, Mr. Juarez-Morales' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967). Counsel argues that (1) Mr. Juarez-Morales' criminal history score over-represents his actual criminal history; (2) despite the fact that the district court granted his motion for a downward variance, a still greater variance is warranted; and (3) the district court should have considered the facts underlying his 1998 California conviction for attempted first-degree residential burglary.

All of Mr. Juarez-Morales' arguments concern the 1998 attempted residential burglary conviction. Applying USSG § 2L1.2(b)(1)(A)(ii), the presentence report characterized that conviction as a crime of violence. The district court agreed with that characterization and imposed a sixteen-level increase in the offense level.[1] In granting Mr. Juarez-Morales' motion for a downward variance, the district court noted that the attempted burglary conviction occurred in 1998, when he was nineteen. The court also observed that he had

_____

[1] USSG 2L1.2(b)(1)(A)(ii) provides for a sixteen-level increase in the offense level if the defendant has been convicted of "a crime of violence." The term is defined to include "burglary of a dwelling." USSG cmt. n.1 (B)(iii). The commentary further explains that "[p]rior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." USSG § 2L1.2 cmt. n.5; see also United States v. Reina-Rodriguez, 468 F.3d 1147, 1151-52 (9th Cir. 2006) (stating that "an attempt to commit these crimes of violence [listed in § 2L1.2 cmt. n.1(B)(iii)] is itself a crime of violence").

"demonstrated a work history" and vocational skills. Rec. Supp. vol. I, at 19-20. The court therefore sentenced him to a term of imprisonment fourteen months below the advisory Guideline range.

Upon review of the record and the applicable law, we conclude that Mr. Mr. Juarez-Morales has failed to advance a non-frivolous challenge to his sentence. The court considered the relevant sentencing factors under 18 U.S.C. § 3553(a). See United States v. Pruitt, 487 F.3d 1298, 1303 (10th Cir. 2007). Mr. Juarez-Morales has identified no evidence or legal authority that requires a further downward variance.

Additionally, Mr. Juarez-Morales' contention that the district court erred in refusing to consider the particular circumstances underlying his attempted burglary conviction is not persuasive. In determining whether a prior offense constitutes a crime of violence under USSG § 2L1.2, we generally follow a categorical approach, "'looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.'" United States v. Perez-Vargas, 414 F.3d 1282, 1284 (10th Cir. 2005) (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)). Only if the statute defining the prior offense is ambiguous or encompasses both violent and non-violent crimes may we look beyond the statute to certain records of the prior proceeding. Id. Here, Mr. Juarez-Morales has not argued that these exceptions are applicable.

Thus, the district court did not err in refusing to consider the circumstances underlying the conviction.

Accordingly, we DISMISS this appeal.


Entered for the Court,


Robert H. Henry
United States Circuit Judge